■ In the Matter of PIETER J. DEJONG, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [890 NYS2d 361]—

Per Curiam. Respondent was admitted to practice by this Court in 1981.* He practiced law in New Jersey, where he was admitted to the bar in 1972.

By order dated September 29, 2009, the Supreme Court of New Jersey disbarred respondent for knowing misappropriation of escrow funds, record-keeping violations, failure to cooperate with ethics authorities, and conduct involving fraud, dishonesty, deceit or misrepresentation.

Petitioner moves for an order imposing discipline pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent has not replied to or otherwise appeared in response to the motion, which we grant.

Having considered the conduct that gave rise to respondent's discipline in New Jersey and having due regard for the discipline imposed by that state, we conclude that the same discipline should be imposed by this Court as was imposed in New Jersey, i.e., disbarment.

Peters, J.P., Spain, Rose, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

---

* Respondent was suspended by the Appellate Division, First Department in 1998 for failure to maintain his attorney registration (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 240 AD2d 106 [1998]).